

February 26, 2017

Hon. Joseph F. Bianco
100 Federal Plaza
Courtroom 920
Central Islip, New York 11722

Re: *US v. Edwin Acosta-Martinez*

Dear Judge Bianco:

Please allow this letter to serve as our sentencing submission on behalf of Edwin Acosta-Martinez.

Initially, we join in the Government's objections to the Probation report, as it has not credited Mr. Acosta-Martinez with the agreed-upon three-level reduction for acceptance of responsibility, nor with the one-level reduction for a global plea agreement. As such, the proper Guidelines calculation in connection with Counts 18 and 50 should be 39 (not 43). The advisory Guidelines range should thus be 262 to 327 months, followed by a 120-month consecutive sentence for Count 67.

The Defendant respectfully submits that a sentence of 360 months would be sufficient, though not greater than necessary, to ensure the factors laid out in 18 U.S.C. §3553(a) are properly addressed.

As I noted in 2015, it is difficult to fashion a compelling sentencing argument for a client with no reachable family in the United States or in his home country of Honduras. Despite our efforts since, nothing has changed—Mr. Acosta-Martinez's support system in this country is nearly, if not completely, nonexistent.

We continue to believe that this young man should receive a punishment adequate enough to allow him to understand the gravity of his actions without subjecting him to spending the rest of his life in prison. He is young, and he was even younger when he committed these crimes. Interacting with him, he has been at times both sullen and silly, much like a teenager behaves. We believe that he can grow, and change, in time. He deserves a chance at redemption, and as he cannot be paroled, the only opportunity to grant that chance is now.

Although at this point the Court will surely be focusing on the Sotomayor murder, the robbery conspiracy must also be addressed. As the Probation Department noted in 2015, the guideline range is excessive as to the robbery conspiracy. Combined with the 10-year mandatory minimum gun sentence, Mr. Acosta-Martinez was facing an enormous sentence for those crimes alone. We ask the Court to take into account his

306 Fifth Avenue
Penthouse
New York, N.Y. 10001

150 Motor Parkway
Suite 401
Hauppauge, N.Y. 11788

64 Hilton Avenue
Hempstead, N.Y. 11550

67A Main Street
Suite 2
East Hampton, N.Y. 11937

youth and lack of criminal involvement at that point to drastically reduce that aspect of his sentence. As to the murder, we would ask the Court to take into account the same factors.

Without diminishing the effect his actions had on the victims here, Mr. Acosta-Martinez arrived in this country with little to no education, structure or family support. He supposedly has an uncle and a brother in Huntington (neither of whom anyone has been able to reach) and family in Honduras, whom no once can reach either. His life was lonely, isolated, and bleak, despite his hope for a better future when he came to the United States. Though the choice was ultimately his, he fell victim to the lure of belonging to something, though sadly that something was a gang. It was through that gang that the young man who came here striving for his own future was misled, to the point that he felt committing acts of senseless violence and intimidation were the ways to prove himself to his new family.

This does not change what happened. The only question is whether he should be locked away until he is an old man, or given the possibility of a future, something to work toward. In the end, we are asking the Court to grant Mr. Acosta-Martinez the gift of hope, despite the fact that the same mercy is not available to Mr. Sotomayor due to Mr. Acosta-Martinez's actions.

I choose to believe that there can be second chances, even for those who have committed heinous acts of cruelty. Especially in someone so young, there has to be hope for redemption.

Respectfully submitted,

Peter E. Brill